AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 1

**FILED**
MAY 2 8 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| CENTERLINE INDUSTRIAL, INC. (3) | Case Number: 12CR3320-LAB |
| | MARK ADAMS AND TIMOTHY SCOTT, RETAINED |
| | Defendant's Attorney |

REGISTRATION NO.
☐

THE DEFENDANT:
☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) 1 AND 9-12 OF THE INDICTMENT
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 371 | Conspiracy to Commit Bribery, Wire Fraud, and Money Laundering | 1 |
| 18 USC 201(b)(1)(A) | Bribery | 9-12 |

The defendant is sentenced as provided in pages 2 through __3__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☒ The defendant has been found not guilty on count(s) 13
☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.
☒ Assessment: $100.00 per count, $500.00 total

☒ No fine     ☒ Forfeiture pursuant to order filed  5/28/2013  , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

MAY 20, 2013
Date of Imposition of Sentence

_Larry A. Burns_
HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

12CR3320-LAB

AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 2 -- Probation

Judgment—Page 2 of 3

DEFENDANT: CENTERLINE INDUSTRIAL, INC. (3)
CASE NUMBER: 12CR3320-LAB

# PROBATION

The defendant is hereby sentenced to probation for a term of:

5 YEARS PROBATION, EACH COUNT CONCURRENT

The defendant shall not commit another federal, state, or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

12CR3320-LAB

AO 245B (CASD) (Rev. 12/11 Judgment in a Criminal Case
Sheet 3 — Special Conditions

DEFENDANT: CENTERLINE INDUSTRIAL, INC. (3)
CASE NUMBER: 12CR3320-LAB

Judgment—Page 3 of 3

# SPECIAL CONDITIONS OF SUPERVISION

☒ Submit corporate records and premises to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of probation; failure to submit to a search may be grounds for revocation.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter the Republic of Mexico without written permission of the Court or probation officer.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☒ The corporation is required to have an effective program to prevent and detect violation of law.

☐ Resolve all outstanding warrants within         days.

☐ Complete         hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☐ Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

12CR3320-LAB

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CENTERLINE INDUSTRIAL, INC. (3),<br><br>  Defendant. | Case No. 12-CR-3320-LAB<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

## I.

## FINDINGS OF FACT

The United States having filed a Motion for Preliminary Orders of Forfeiture, the Court finds as follows, based on the Clerk's Record in the this case, as well as based on the evidence presented during and subsequent to trial:

1. On August 9, 2012, a federal grand jury in the Southern District of California returned an Indictment charging the three defendants, in Count One, with engaging in a conspiracy to commit bribery, wire fraud, and money laundering in violation of 18 U.S.C. § 371; charging defendant Robert Ehnow in Counts Two through Seven with bribery in violation of 18 U.S.C. § 201; and charging defendants Joanne Loehr and Centerline Industrial, Inc. ("Centerline") with bribery in Counts Eight through Thirteen. [Dkt. No. 1.]

2. The Indictment also included notice to all defendants, pursuant to Fed. R. Civ. Pro. 32.2, that the United States "will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), including but not limited to all property, real or personal, which constitutes or is derived from proceeds traceable to conspiracy or bribery as alleged herein." [Id.]

3. The case was tried to a jury beginning on February 20, 2013. [Dkt. No. 89.] In advance of trial, the United States dismissed Count Thirteen of the Indictment without prejudice. On March 4, 2013, the jury returned its verdicts. The jury found defendant Ehnow guilty on Count One (the multi-object conspiracy) and Count Seven (a bribery count). [Dkt. No. 111.] The jury found defendants Loehr and Centerline each guilty on Count One, as well as on Counts Nine through Twelve (four bribery counts). [Dkt. Nos. 112, 113.]

4. As alleged in the indictment, Loehr was the President and the sole owner of Centerline, a Poway based defense contractor that did business with the Navy at the Fleet Readiness Center-Southwest ("FRC").

5. As alleged in the indictment, Loehr participated in a multi-object conspiracy to engage in bribery, wire fraud, and money laundering. Loehr's participation in the conspiracy began no later than September 2005, during which Loehr made thousands of dollars of hobby shop purchases on her business credit card for Donald Vangundy. [Tr. Ex. 301-A.]

6. At trial, the United States offered evidence reflecting personal items provided by Centerline to Navy officials as bribes during the course of the conspiracy. [Tr. Exs. 301 to 339, excepting Tr. Ex. 328.]

7. In advance of trial, the parties entered into a stipulation providing in part that "[f]rom September 2005 to January 2011, DLA made approximately 600 payments to Centerline, totaling approximately $1,400,368.56, for orders placed with Centerline." [Dkt. No. 78, at ¶ 3.] Additionally, the evidence at trial [Tr. Exs. 151 to 164, and 251 to

257] established an additional $408,889 in "pass through" payments, paid to Centerline by L&N and X&D as proceeds of the fraud and bribery conspiracy. The sum of these amounts, $1,809,257, represents the gross proceeds to Loehr and Centerline of their participation in the charged conspiracy.

## II.

## PRELIMINARY ORDER OF FORFEITURE

For good cause shown, IT IS HEREBY ORDERED THAT:

8. As the result of the guilty verdicts returned by the jury on Counts 1 and 9 to 12 of the Indictment, for which the United States sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), defendant CENTERLINE INDUSTRIAL INC. ("Centerline" or "Defendant") is hereby ordered to forfeit to the United States all right, title and interest in any and all property constituting or derived from proceeds obtained directly or indirectly as the result of such violations and any and all property involved in or traceable to offenses.

9. The United States has established the requisite nexus between such offenses and proceeds in the amount of **$1,809,257**, which shall be entered as a personal money judgment forthwith against the Defendant, such proceeds being forfeitable to the United States.

10. Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment," and accordingly, no ancillary proceedings are required as to the money judgment.

11. Pursuant to Rule 32.2(b)(4)(A), this Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e). The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property

//

having a value not to exceed **$1,809,257** to satisfy the money judgment in whole or in part; and

13. Judgment shall be entered in favor of the United States against Defendant in the amount of **$1,809,257**, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961.

14. The Clerk of the Court shall forward four certified copies of this Order to the United States Attorney's Office, Attention: Assistant U.S. Attorney Robert Huie.

DATED: May 24, 2013

*Larry A. Burns*

HONORABLE LARRY ALAN BURNS
United States District Judge